on whose petition the injunction was granted, and an appeal of the trustee in bankruptcy, the order of the Bankruptcy Court dissolving the injunction will be affirmed.

Attorneys—Marshall and Fraser, Ritter & Schminck for Recovery Co.; Allen J Seney, for Mahee; all of Toledo.

---

## No. 338
## VOGUE CO. v. THOMPSON-HUSTON CO.
### U. S. Dist. Court.
### No. 4066.   Decided Aug. 2, 1924.

**1181. TRADE-MARKS**—Use of word "Vogue" and the letter "V", or the "V-Girl," as the dominating feature of a label, held to be unfair competition with magazine published under that name.

**1206. UNFAIR COMPETITION**—is nothing but a convenient name for the doctrine that no one should be allowed to sell his goods as those of another.

DENNISON, C. J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action for an injunction against the use of the name "Vogue" and the letter "V" carrying between its sides the figure of a woman, which mark is called the "V-Girl", all of which have been displayed constantly on magazine of plaintiff which assumes to be an interpreter of and authority on styles and woman's wear. In 1912 the Vogue Hat Co. used the above label. on hats manufactured by it and put on sale by retailers throughout the country, of which the defendant is one.

The lower court dismissed the petition on the grounds that there was no competition between the publishing of the magazine and manufacture of hats, and that there was no infringement of trade-mark because magazines and hats are not articles of "same descriptive qualities."   On appeal the Circuit Court held:

1. "Unfair competition" is nothing but a convenient name of doctrine that no one should be allowed to sell his goods as those of another.

2. In this case there is injury to plaintiff and fraud upon consumer; nothing else is needed.

3. The plaintiff is entitled to further use of the "V-Girl" or the "V", not in its ordinary use as a capital letter, but as the dominating feature of the label.

4. There is no satisfactory basis for an accounting against either the manufacturer or retailer for profits or damages.

The decree dismissing the bill is vacated and the case remanded.

Attorneys—Harry D. Nims, New York City, for Vogue Co.; Samuel W. Banning, of Chicago, for Thompson-Hudson Co.

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923. at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday          50 Weeks of the Year

**SUBSCRIPTION PRICES AND TERMS**

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................  .35

When cash is mailed to us in advance
20 per cent discount

Address all communications to
**THE LAW ABSTRACT COMPANY**
1727 Bryn Mawr, Cleveland, O.
P. O. Box 55, East Cleveland Sta.

This year's first fifteen numbers, three tenths of the period, have averaged 25 cases to an issue, and at this hate its 1925 output will be about 1250 new current opinions. But it will be more. This estimate is one-third more than the average of the 1924 output, but there will be a greater increase. Besides the increase in cases published, we are improving the work by more careful editing and producing a paper of better quality. Furthermore, the Current Digests, Concordance and Code Notes service is being greatly extended and made more useful. While the publication day is given as Wednesday, we aim to have it in the mails on Tuesday,  sothat it will reach subscribers regularly on the day of its date.

---

### PENDING CASE SERVICE EXTENSION

We call attention to the extension of our Supreme Court Service by Advance Notes, beginning this week, page 222. While we have been unable to publish timely, most of the new cases docketed in the Supreme Court, that have not hitherto appeared in our reports of cases from the Court of Appeals, we feel called upon to perfect the service, by making it include, as far as possible, something as to all of such cases that are soon for oyer in the Supreme Court, that will reveal the points of law involved in the litigations. In this way we can apprise our readers as to the possibilities of forthcoming favorable or adverse precedents, and make them helpful in suits they are conducting or preparing. This we will do by giving short paragraphs stating the law involved in cases we cannot report more fully at once. The temporary character of the information we will remove, as fast as possible, by opinions or statements of the cases, wherein there will be presented, a well prepared description of the facts from which the case arose, as well as the points of law presented for determination. We expect, however, that as time proceeds, by extra efforts we will be able to so increase our number of Court of Appeals reports, that the need for publishing statements of Supreme Court Pending Cases will be reduced to the minimum.